Ezekiel E. Cortez (SBN 112808)
Joshi A. Valentine (SBN 277185)
Law Offices of Ezekiel E. Cortez
550 West C, Street, Suite 790
San Diego, CA 92101
Telephone: (619) 237-0309
Facsimile: (619) 237-8052

John W. Melvin (SBN 224056)
Unit 1, 3160 Lionshead Avenue
Carlsbad, CA 92010
Telephone: (760) 597-7011
Facsimile: (760) 597-7029

Attorneys for Plaintiff,
*Glendora Courtyard, LLC*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GLENDORA COURTYARD, LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>BBVA COMPASS BANK; BBVA COMPASS BANCSHARES, INC.; BEN HAYES RIGGS; AND DOES 1-50,<br><br>*Defendants*. | Case No. **'16CV1189 JLS KSC**<br><br>COMPLAINT FOR A CIVIL CASE ALLEGING INCURABLE DEFAULT; BREACH OF CONTRACT; AND DECLARATORY RELIEF<br><br>(28 U.S.C. § 1331; Federal Questions)<br>(28 U.S.C. § 1332; Diversity of Citizenship) |

Glendora Courtyard, LLC, brings this Complaint against BBVA Compass Bank, BBVA Compass Bancshares, Inc., Ben Hayes Riggs, and Does 1-50.

//

//

//

//

COMPLAINT

## I.     Summary

Compass Bank has participated in, suborned, and financially benefited from a wide variety of federal criminal behavior at the commercial office complex known as the Courtyard. Compass has embarked on a criminal enterprise that has dragged the entire Courtyard into willful violation of federal law. Glendora must be set free from the illegal enterprise, and the federal courts must order all illegal activity to cease.

## II.   The Parties to This Complaint

A. The Plaintiff:

Glendora Courtyard, LLC
3160 Lionshead Ave, Unit 1
Carlsbad, CA 92010
Telephone: (760) 597-7011

B. The Defendants:

Defendant No. 1
BBVA Compass Bank
15 South 20th Street
Birmingham, Alabama 35233

Defendant No. 2
BBVA Compass Bancshares, Inc.
2200 Post Oak Blvd.
Houston, TX, 77056

Defendant No. 3
Ben Hayes Riggs, Trustee
PO Box 4444
Houston, TX 77210-4444

## III.   Basis for Jurisdiction

Federal jurisdiction exists under 28 U.S.C. § 1332, for complete diversity:

- The amount in controversy exceeds $75,000 (not counting interest and costs of court) based on the lost rents and diminution in value of plaintiff's property located at 2200 and 2220 E Route 66, Glendora, California.

- Plaintiff Glendora Courtyard, LLC is incorporated under the laws of California, and has its principal place of business in California.
- Defendant BBVA Compass Bank is incorporated under the laws of the State of Alabama, and has its principal place of business in Alabama.
- Defendant BBVA Compass Bancshares, Inc. is incorporated under the laws of the State of Texas, and has its principal place of business in Texas.
- Defendant Ben Hayes Riggs is a citizen of the State of Texas.

Federal jurisdiction also exists under 28 U.S.C. § 1331, for federal questions.

Venue in San Diego is proper per 28 U.S. Code § 1391(d).

## IV.   Statement of Claim

BBVA Compass Bank, BBVA Compass Bancshares, Inc., (collectively, "Compass Bank"), via their employee Ben Riggs ("Riggs" or "Trustee"), loaned $2,350,000 to acquire interests in the commercial office complex located at 2200, 2210, and 2220 E Route 66 Blvd, Glendora, California (the "Courtyard").

Plaintiff Glendora acquired its parcels (2200 and 2220) in 2005, and Compass acquired its interest in the Courtyard on or about October 15, 2014. Covenants, Conditions and Restrictions were recorded in 2003 against the Courtyard.

By their own terms, the CC&Rs are primary and superior over any mortgage – and Glendora is now involuntarily joined with Compass by virtue of the CC&Rs'

creation of mutual easements over each other's property (e.g., per Section 11.6.1 of the CC&Rs, the CC&Rs are primary over Compass' Deed of Trust).  Thus, Compass subordinated its 2014 mortgage to the 2003 CC&Rs, and placed those covenanted ownership interests *superior* to its security interests.  Among other things, these require Glendora to maintain Compass' property in compliance with all applicable federal and state laws, and creation and maintenance of an accessible path of travel across Glendora's property for the benefit of Compass.  Among other remedies, the CC&Rs establish damages for traditional contractual breaches and for taking possession for incurable defaults.

There is no dispute about the legal status of the Courtyard: it is profoundly in violation of the most basic and mandatory disability and environmental laws. In this regard, the Courtyard has multiple serious hazardous structural conditions that cause pollution to the Municipal Separate Storm Sewer System and prevent disability access. These conditions are in breach of the CC&Rs, and in addition to monetary damages, Compass has covenanted and consented to plaintiff and its agents "full right and authority" to cure the breaches.[1]

---

[1] In this regard, Section 1.6 of the CC&Rs explicitly authorizes the Maintenance Director to unilaterally incur the "costs of any capital improvements… required under any Applicable Requirements."  Section 5.2 mandates the Maintenance Director fulfill these responsibilities, Section 5.3.1 gives the Maintenance Director "full right and authority to perform its obligations," and Section 2.1.5 grants the Maintenance Director an easement over all three parcels to perform such obligations. "Applicable Requirements" is in turn defined by CC&Rs Section 1.1 as all controlling covenants and "Governmental Requirements."  Section 1.14 then defines "Governmental Requirements" very broadly, including all federal standards and local agency regulations such as those at issue here.

Under Section 10.3 of the CC&Rs, when "non-monetary default cannot reasonably be cured within (30) days… Creditor Owner shall have the right to… enter upon the Parcel of the Defaulting Owner (including any Common Area) and abate, remove or otherwise remedy any Improvement or condition which violates the terms of this Declaration and/or perform any obligation of the Defaulting Owner to be performed thereon."  Section 10.3 further requires reimbursement by the defaulting party of "all costs and expenses incurred by the Creditor Owner".

*However, this case involves not only traditional curable breaches, but incurable default by Compass.  In the event of incurable default, Section 11.6.3 of the CC&Rs expressly acknowledges "taking possession of the Collateral" may be the only remedy.*

Here, Compass' financial contribution – to a property already in default and in violation of numerous federal and state laws – was *illegal at inception*.  The loan itself was unlawful, and no future acts can unwind that original wrong (i.e., any future acts by Compass are fruit from a poisonous tree).

In this regard, Compass conducted "no appropriate inquiry" as to any hazards or illegal conditions at the Courtyard.  Yet, Compass was not only on constructive notice (via prior public filings), and not only recklessly disregarded the risk of potential conditions, but possessed *actual knowledge* of the hazards and illegal conditions.  With full knowledge of ongoing crimes related to environmental and disability access

laws, Compass Bank employees and agents knowingly loaned a total of $2,350,000 from an FDIC insured institution in 2014 and 2015. In exchange, Compass acquired ownership interests for the Courtyard under two Deeds of Trust, assignments of all rents for the 2210 E Route 66 parcel, and ***multiple easements and control interests over plaintiff's adjoining parcels*** pursuant and subject to the 2003 CC&Rs. As recorded, Compass created a *de facto lis pendens* on plaintiff's property.

Pursuant to the superior CC&Rs, and in its subservience to the CC&Rs, Compass has exercised control and actually participated in the management of the property. This includes, but is not limited to, decision-making control regarding environmental compliance related to the property (see, for example, § 2.2 of the CC&Rs), and Compass' ownership exceeds mere "influence" or "security only" roles.

By virtue of the superior CC&Rs, Compass and plaintiff have certain title, rights of possession, and easements over each other's respective specific real property. Compass has done so with full knowledge of its illegality, and accepted significant financial benefits as a result.

Here, Compass' easement over plaintiff's property indisputably, and as a matter of law, prevents remediation of the Courtyard conditions grossly violating the ADA and water/environmental regulations.[2] Compass' easement has the effect of preventing disabled access to the Courtyard, and perpetuation of a known hazardous condition –

---

[2] The Los Angeles Superior Court has repeatedly confirmed this effect of the CC&Rs.

willful violations of 28 CFR 36.403 (Federal ADA) and CCR, Title 8, § 334(e) (California OSHA). Likewise, Compass' easement has "the effect of prohibiting or restricting compliance" with a "regulation or restriction on the use of water" and/or a "water-efficient landscape ordinance" – in violation of California Civil Code 4735 and Section 492.6(a)(1)(H) of California's Model Water Efficient Landscape Ordinance (binding on the City via Governor Brown's Executive Order B-29-15).

Defendants have willfully caused (and continue to cause) such conditions, and are willfully obstructing necessary remedial measures. The willful continuations of these multiple hazardous conditions are also federal crimes (the Clean Water Act (33 U.S.C. § 1251 et seq.; the National Pollution Discharge Elimination System permit -33 U.S.C. § 1342), and crimes under California state law (California Code of Regulations, Title 8, § 334(e); Health and Safety Code § 2950 and 25910; and Penal Code § 370, § 372, and § 373a).

Compass has thus created an ***actual*** real property claim over plaintiff's property – creating a *de facto* and illegal encumbrance under federal law – that must be expunged as would any other improper *lis pendens* under California CCP § 405.4.[3]

Moreover, Compass' financial contribution with such knowledge – to a property already in default – constituted an illegal transfer of funds and an illegal conveyance, and a ***breach of the CC&Rs arising under federal law***. In this regard, defendants

---

[3] These statutes expressly apply "to an action pending in any United States District Court in the same manner that" they apply in California state court. CCP § 405.5.

violated the Hobbs Act (18 U.S.C. § 1951); the Foreign Corrupt Practices Act (15 U.S.C. § 78dd-1); the Travel Act (18 U.S.C. § 1952); the Clean Water Act (33 U.S.C. § 1251 et seq.); the National Pollution Discharge Elimination System permit (33 U.S.C. § 1342); and the Americans with Disability Act (42 U.S.C. § 12182).  The Federal Reserve Bank of Atlanta has launched a federal investigation of this matter.  See, Exhibit "A" herein.

## V.     Relief

Monetary damages to compensate plaintiff for defendants' breach of the CC&Rs, including for diminution in value and lost rents caused by the illegal condition of the property, in an amount to be determined but in excess of $75,000.

Declaratory relief ordering the immediate and overdue repairs to the property so that it may legally be brought into compliance with federal law.

Compass' surrender of its interests in the Courtyard.

Pursuant to CC&RS § 10.7, each requested relief is in cumulative and in addition to any other requested relief.

## VI.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, we certify to the best of our knowledge, information, and belief that this complaint: (1) is not being

presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Executed this 17th day of May 2016 in San Diego, California.

*/s Ezekiel E. Cortez*
Ezekiel E. Cortez

*/s Joshi A. Valentine*
Joshi A. Valentine

*/s John W. Melvin*
John W. Melvin
Attorneys for Glendora Courtyard, LLC

EXHIBIT A



**DEPARTMENT OF SUPERVISION AND REGULATION**
Consumer Compliance

**FEDERAL RESERVE BANK** *of* **ATLANTA**

1000 Peachtree Street, N. E.
Atlanta, Georgia 30309
888-342-5133 ext. 7166
Fax 404-498-7302
ConsumerQuestions@atl.frb.org

May 3, 2016

Philip Posner
3160 Lionshead Avenue, Unit 1
Carlsbad, CA 92010

Dear Mr. Posner:

This letter is in response to your complaint regarding BBVA Compass Bank, (Compass) Birmingham, Alabama. You stated in your complaint that Compass made commercial loans that were out of compliance with the Dodd Frank Wall Street Reform Act (Dodd Frank). You believe several sections of the act were violated in the underwriting of these loans and would like them reviewed. You asked the Reserve Bank to look into these matters.

We contacted Compass as soon as we received your letter and requested information to facilitate our investigation. Compass responded to our request on April 14, 2016. This information will be reviewed as part of the Reserve Bank's ongoing supervision of Compass. The results of our review cannot be shared with you as you are not a party to the matters identified in your letter.

Thank you for bringing your concerns to our attention. However, the results of our review will remain confidential.

Sincerely,

Consumer Complaints