1
2
3
4
5
6
7

8          UNITED STATES DISTRICT COURT

9          SOUTHERN DISTRICT OF CALIFORNIA

10

11    GLENDORA COURTYARD, LLC,                Case No.:  16-cv-1189-JLS-KSC

12                              Plaintiff,    **ORDER GRANTING DEFENDANTS'**
                                              **MOTION TO DISMISS PURSUANT**
13    v.                                      **TO FEDERAL RULE OF CIVIL**
                                              **PROCEDURE 12(b)(6)**
14    BBVA COMPASS BANCSHARES INC.,
      BBVA COMPASS, an Alabama banking        (ECF No. 9)
15    corporation, d/b/a "BBVA COMPASS,"
      BEN HAYES RIGGS, and DOES 1-50,
16
                               Defendants.
17

18

19

20          Presently before the Court is Defendants BBVA Compass Bancshares, Inc.

21    ("BBVA"), Compass Bank, doing business as "BBVA Compass" ("Compass") and Ben

22    Hayes Riggs' ("Riggs") (together, "Defendants") Motion to Dismiss ("MTD"), (ECF No.

23    9), Plaintiff's Opposition to Defendants' Motion to Dismiss Complaint ("Opp'n"), (ECF

24    No. 10), and Defendants' Reply in Support of Motion to Dismiss Plaintiff's Complaint

25    ("Reply"), (ECF No. 12). Also before the Court is Defendants' Request for Judicial Notice

26    in Support of Motion to Dismiss ("RJN"). (ECF No. 9-2.) Having considered the parties'

27    arguments and the law, the Court **GRANTS** both Defendants' RJN and Defendants' MTD.

28    / / /

                                               1

# BACKGROUND

This action concerns a commercial office complex located at 2200-2220 East Route 66, Glendora, California 91740 ("Subject Property"). (Compl. 4, ECF No. 1.) In 2005, Plaintiff acquired interests in several parcels of the Subject Property, specifically 2200 and 2220 East Route 66 Boulevard, Glendora, California 91740 ("Plaintiff's Property"). (*Id.*) Approximately nine years later, Compass extended a third party—Route 66 CPAs, LLC ("Borrower")—a loan ("Subject Loan") to purchase the real property adjacent to Plaintiff's Property and within the office complex at 2210 East Route 66, Glendora, California 91740 ("Borrower's Property"). (*Id.*) The third-party Borrower is not a named party in this action, but has previously litigated aspects of this dispute. (*See* Compl.; MTD 4–5.) The Subject Loan is secured by a Deed of Trust ("DOT") to Borrower's Property. (*Id.* at 5.)

The Subject Property, which includes both Plaintiff's Property and Borrower's Property, is encumbered by a Declaration of Covenants, Conditions and Restrictions ("CC&Rs"). (*Id.* at 4.) The CC&Rs were recorded in 2003 and are binding on the Subject Property. (*Id.*) The CC&Rs detail various obligations and restrictions imposed on the owners of the Subject Property, and Plaintiff alleges the CC&Rs, among other things, "require [Plaintiff] to maintain Compass' property in compliance with all applicable federal and state laws, and [require] creation and maintenance of an accessible path of travel across [Plaintiff's] property for the benefit of Compass." (*Id.* at 5.)

Plaintiff alleges that the Subject Property "is profoundly in violation of the most basic and mandatory disability and environmental laws," which is in breach of the CC&Rs.[1] (*Id.*) Plaintiff further alleges that Compass, as lender to Borrower, is subject to

---

[1] Plaintiff more specifically explains that the current condition of the Subject Property is allegedly in breach of the CC&Rs because

Section 1.6 of the CC&Rs explicitly authorizes the Maintenance Director to unilaterally incur the "costs of any capital improvements . . . required under any Applicable Requirements." Section 5.2 mandates the Maintenance Director fulfill these responsibilities, Section 5.3.1 gives the Maintenance Director "full right and authority to perform its obligations," and Section 2.1.5 grants the Maintenance Director an easement

the CC&Rs, which provides that Plaintiff and its agents have "full right and authority" to cure these breaches. (*Id.*)

Plaintiff filed this action alleging claims for (1) incurable default; (2) breach of contract; and (3) declaratory relief. (*See generally id.*) Each seeks reimbursement from Defendants for the expenses incurred by Plaintiff in improving and abating the conditions that allegedly violate the CC&Rs. (*See generally id.*) Plaintiff asserts that Defendants, by virtue of the CC&Rs, have an easement over Plaintiff's Property, which has the effect of (a) preventing disabled access to the Courtyard; (b) perpetuating a known hazardous condition; and (c) prohibiting or restricting compliance with a regulation or restriction on the use of water. (*Id.* at 7–8.) Plaintiff alleges that Defendants have "willfully caused (and continue to cause) such conditions, and are willfully obstructing necessary remedial measures," and as a result, Compass is violating various state and federal laws. (*Id.* at 8.)

In response, Defendant filed the present MTD.

## LEGAL STANDARD[2]

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted," generally referred to as a motion to dismiss. The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is

---

over all three parcels to perform such obligations. "Applicable Requirements" is in turn defined by CC&Rs Section 1.1 as all controlling covenants and "Governmental Requirements." Section 1.14 then defines "Governmental Requirements" very broadly, including all federal standards and local agency regulations such as those at issue here.

(Compl. 5, n.1, ECF No. 1.)

[2] Plaintiff argues that a "court may not dismiss a complaint for failure to state a claim 'unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " (Opp'n 6 (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957).) However, nearly ten years ago in the seminal case of *Bell Atlantic Corp. v. Twombly*, the United States Supreme Court expressly abrogated this exact aspect of the *Conley* standard. 550 U.S. 544, 560–62 (2007) (holding that the "no set of facts" language "has earned its retirement" and "is best forgotten as an incomplete, negative gloss on an accepted pleading standard").

16-cv-1189-JLS-KSC

entitled to relief." Although Rule 8 "does not require 'detailed factual allegations,' . . . it [does] demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A complaint will not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " *Iqbal*, 556 U.S. at 677 (citing *Twombly*, 550 U.S. at 557).

In order to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6). A claim is facially plausible when the facts pled "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 677 (citing *Twombly*, 550 U.S. at 556). That is not to say that the claim must be probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Facts "'merely consistent with' a defendant's liability" fall short of a plausible entitlement to relief. *Id.* (quoting *Twombly*, 550 U.S. at 557). Further, the Court need not accept as true "legal conclusions" contained in the complaint. *Id.* This review requires context-specific analysis involving the Court's "judicial experience and common sense." *Id.* at 678 (citation omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.' " *Id.*

Where a complaint does not survive 12(b)(6) analysis, the Court will grant leave to amend unless it determines that no modified contention "consistent with the challenged pleading . . . [will] cure the deficiency." *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schriber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)).

# ANALYSIS

## I.   Request for Judicial Notice

Defendants' Motion to Dismiss is accompanied by a Request for Judicial Notice. (*See generally* Defs.' RJN, ECF No. 9-2.) Although within the context of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a Court generally may not consider matters outside of the pleadings, *see* Fed. R. Civ. P. 12(d), it is nonetheless "appropriate for the Court to take notice of 'relevant facts obtained from the public record . . . .' " *See Papasan*, 478 U.S. at 298; *see also Harris v. Cty. of Orange*, 682 F.3d 1126, 1132–33 (9th Cir. 2012) (noting that a court may "take judicial notice of undisputed matters of public record" and that "documents not attached to a complaint may be considered if no party questions their authenticity and the complaint relies on those documents" (citing *Lee v. City of L.A.*, 250 F.3d 668, 688, 689 (9th Cir. 2001))).

Defendants move the Court to take judicial notice of seven exhibits in support of their MTD: (A) the Note and Deed of Trust recorded in the Official Records of the County Recorder's Office of Los Angeles County, California; (B) the Covenants, Codes, and Restrictions of the commercial office complex located at 2200-2200 East Route 66, Glendora, California 91740 recorded in the Official Records of the County Recorder's Office of Los Angeles County, California; (C) the Electronic Docket from the matter styled *Route 66 CPAS v. Glendora Courtyard*, Case No. KC063544, Superior Court of California, Los Angeles County, Eastern Division; (D) the Electronic Docket from the matter styled *Route 66 CPAS v. Glendora Courtyard*, Case No. KC066584, Superior Court of California, Los Angeles County, Eastern Division; (E) the Electronic Docket from the matter styled *Glendora Courtyard v. Route 66 CPAS, Union Bank, et. al.*, Case No. BC543482, Superior Court of California, Los Angeles County; (F) the Electronic Docket from the matter styled *Glendora Courtyard LLC v. City of Glendora et. al.*, Case No. 2:15-cv-04665-SVW-JEM, United States District Court for the Central District of California, Western Division; and (G) the Electronic Docket from the matter styled *Glendora Courtyard LLC v. City of* / / /

*Glendora et. al.*, Case No. 3:15-cv-00844-MMA-MDD, United States District Court for the Southern District of California. (*See generally* RJN, ECF No. 9-2.)

Plaintiff only opposes Defendants' requests with respect to Exhibit (A), the Note and Deed of Trust. (Pl.'s Opp'n to Defs.' Mot. to Dismiss ("MTD Opp'n") 18, ECF No. 10.) Plaintiff argues that the request is "defective" because Defendants selectively omitted the " 'Assignment of Rents,' among other parts of their transaction, such as the cross-referenced 'Master Agreement' and personal guarantees." (*Id.*) However, Plaintiff fails to supply the allegedly missing documents or provide any support for its belief that these documents are necessary to Plaintiff's Complaint. (*See id.*) Given the foregoing, and because the Note and Deed of Trust is central to Plaintiff's Complaint and appears to be legitimately obtained from the public record,[3] the Court will take judicial notice of the Note and Deed of Trust.

Accordingly, the Court **GRANTS** Defendants' requests for judicial notice.

## II.    Motion to Dismiss

Plaintiff asserts three claims for relief: (1) Incurable Default; (2) Breach of Contract; and (3) Declaratory Relief. (*See* Compl., ECF No. 1.) Defendants advance several grounds for dismissing Plaintiff's Complaint under Fed. R. Civ. P. 12(b)(6)–(7). Specifically, Defendants argue (A) the CC&Rs bar the instant action and do not impose obligations on Defendants; (B) Plaintiff lacks standing to contest the Subject Loan's validity; (C) Plaintiff's declaratory relief claim fails as a matter of law; (D) Plaintiff's incurable default claim is not actionable; and (E) Plaintiff fails to join an indispensable party. (*See* Defs.' Mem. in Supp. of Mot. to Dismiss ("MTD Support"), ECF No. 9-1.) Because Defendants' argument that the CC&Rs do not impose obligations on Defendants has the potential to dispose of all Plaintiff's causes of action, the Court addresses this argument first.

/ / /

---

[3] *See* Ex. A to Defs.' RJN, ECF No. 9-2 at 3. The Note and Deed of Trust displays the "County of Los Angeles California" emblem and states that the document was "Recorded/Filed in Official Records" within the Recorder's Office of Los Angeles County, California on Oct. 17, 2014 at 8:00 A.M.

### A. The CC&Rs with Respect to Defendants

The threshold issue is whether the obligations and restrictions set out in the CC&Rs apply to Defendants; i.e., if the obligations and restrictions in the CC&Rs do not apply to Defendants, Plaintiff's Complaint must be dismissed because all of Plaintiff's causes of action rely on this theory. The Court concludes that the CC&Rs do not impose the relevant obligations and restrictions on Defendants.

Plaintiff's primary cause of action for breach of contract relies on Defendants' alleged breach of the CC&Rs. Plaintiff argues that the CC&Rs are "primary and superior over any mortgage," and by virtue of Defendants extending Borrower a loan to acquire a property encumbered by the CC&Rs, Defendants are "involuntarily joined" with Plaintiff. (Compl. 4–5, ECF No. 1.) Plaintiff further alleges that the CC&Rs are subordinated by Compass's mortgage, meaning that the "covenanted ownership interests" of the CC&Rs are "superior to [Compass's] security interests" under the mortgage. (*Id.*) Conversely, Defendants argue that the CC&Rs do not impose obligations on Defendants—who are "Mortgagees" rather than "Owners" under the CC&Rs—and therefore Defendants are "not responsible for any costs associated with maintenance [of] the Subject Property." (MTD Support 6, ECF No. 9-1.) The Court first determines Compass's appropriate classification under the CC&Rs, and then discusses Compass's corresponding obligations under the CC&Rs given such classification.

> (i)   Whether Compass Is a "Mortgagee" or An "Owner" Under the CC&Rs

A written contract must be "interpreted with reference to the whole, with preference given to reasonable interpretations. Contract terms are to be given their ordinary meaning . . . [and] [w]henever possible, the plain language of the contract should be considered first." *Flores v. Am. Seafoods Co.*, 335 F.3d 904, 910 (9th Cir. 2003) (quoting *Klamath Water Users Prot. Ass'n v. Patterson*, 204 F.3d 1206, 1210 (9th Cir. 1999)). The Court concludes that under both the CC&Rs and the ordinary meaning of the words contained therein, Compass is a "Mortgagee" and not an "Owner."

Turning first to the CC&Rs itself, Section 1.22 defines "Mortgage" as "any first or second mortgage, or first or second deed of trust encumbering the interest, whether fee or leasehold, of an Owner in a Parcel and, to the extent applicable, a 'sale and leaseback' or 'assignment and subleaseback' transaction." (RJN Ex. B, ECF No. 9-3 at 27.) Section 1.23 defines a "Mortgagee" as "a mortgagee or beneficiary under a Mortgage and to the extent applicable, a fee owner or lessor or sublessor of any Parcel which is the subject of a lease under which any Owner becomes a lessee in a 'sale and leaseback' or 'assignment and subleaseback' transaction." (*Id.*) Section 1.25 separately defines an "Owner" as "the fee simple owner of a Parcel or Parcels, and all successor fee simple owners to all or any portion of the Project and their successors in interest as herein provided." (*Id.*) Under these two definitions and under their respective plain meanings,[4] Defendants qualify as "Mortgagees" and not "Owners" because, as explained *supra*, Compass lent Borrower money to purchase 2210 East Route 66 and in turn, Borrower executed the DOT as security for the loan. As demonstrated in the DOT, Compass is the Beneficiary—therefore placing Compass squarely within the definition of "Mortgagee" in the CC&Rs. (*See* RJN Ex. A, ECF No. 9-3 at 4.)

(ii)     *Mortgagee Rights Under the CC&Rs*

Having determined that Compass is defined as a "Mortgagee" under the CC&Rs, the Court now turns to the sections that apply to "Mortgagees." First, Section 11.6.1, which lays out the Mortgagee Protection, states that the CC&Rs "shall be superior and senior to any lien placed upon any Parcel including the lien of any Mortgage," however,

/ / /

/ / /

/ / /

---

[4] The plain meaning of "mortgagee" is "[o]ne to whom property is mortgaged; the mortgage creditor, or lender." BLACK'S LAW DICTIONARY (10th ed. 2014). The plain meaning of "owner" is "[s]omeone who has the right to possess, use, and convey something; a person in whom one or more interests are vested." *Id.*

all of the covenants, restrictions, easements, conditions, provisions and agreements contained in this Declaration shall be binding upon and effective against any person (including the Mortgagee under any Mortgage and a purchaser upon the foreclosure of any Mortgage) who <u>acquires title</u> to any Parcel, or any portion of any Parcel, by foreclosure, trustee's sale, deed in lieu of foreclosure or otherwise.

*Id.* at 45 (emphasis added). Defendants argue in their MTD that they "did not acquire title to the Subject Party through either a foreclosure or purchase," as Section 11.6.1 requires, and therefore Defendants are not bound by the obligations within the CC&Rs. (MTD Support 8:9–11, ECF No. 9-1.) Plaintiff in its Opposition neither acknowledges nor opposes this statement. (*See generally* MTD Opp'n, ECF No. 10.)

Next, Defendants point out that Section 11.6.2 states that "[a]ny Mortgagee under a Mortgage shall have the right, <u>but not the obligation</u>, at any time prior to the termination of this Declaration, and without payment of any penalty, to do any act or thing required of the Owner of the Parcel." (RJN Ex. B, ECF No. 9-3 at 45 (emphasis added).) In response, Plaintiff argues that Section 11.6.2's lack of obligation-imposing language is "completely defeated by" Section 2.2 of the CC&Rs "which expressly imposes the 'cannot unreasonably withhold consent' standard of care onto Defendants—a duty owed to Plaintiff." (MTD Opp'n 16, ECF No. 10.) Section 2.2 states that

No Owner or Permittee shall have the right to make changes with respect to Improvements located in the Common Area or the configuration of such Common Area without obtaining the consent of all of the other Owner(s) and their respective Mortgagees, if any, which consent shall not be unreasonably withheld.

(RJN Ex. B, ECF No. 9-3 at 31.) Plaintiff asserts that this Section both imposes a duty of care on Defendants which is owed to all Owners and "is the tool used by Defendants and their agents to keep the property in violation of the ADA." (MTD Opp'n 17, ECF No. 10.) However, Plaintiff offers no facts in support of its contention that Defendants are using Section 2.2 to violate the ADA. And even if Section 2.2 imposed a duty of care on

9

Defendants, Plaintiff does not allege in its Complaint that Defendants ever breached that duty of care by unreasonably withholding consent from Plaintiff or any other Owner. (*See generally* Compl., ECF No. 1.)

Finally, Section 11.6.3 of the CC&Rs sets forth procedures for Owners and Mortgagees in the event of a default. (RJN Ex. B, ECF No. 9-3 at 46.) Specifically, the Section states that "this Declaration shall be enforceable against a party whose title is acquired by foreclosure, trustee's sale, voluntary conveyance, assumption or otherwise." (*Id.*) Defendants assert that because they did not acquire title to the Subject Property through either a foreclosure or a purchase, the CC&Rs are not enforceable against them as Mortgagees. (MTD Support 8:9–11, ECF No. 9-1.) Plaintiff does not directly dispute the assertion that Defendants did not acquire title to the Subject Property, and instead argues that "a defendant's ownership interest is not a criterion for property liability in California— as even a trespasser can be liable for creation of a nuisance." (MTD Opp'n 22, ECF No. 10 (emphasis removed).) But Plaintiff does not allege a cause of action for nuisance in its Complaint; therefore this argument is inapplicable here. (*See* Compl., ECF No.1.)

Given the foregoing, the Court concludes Defendants did not owe any affirmative duty under which Plaintiff's breach of contract action could lie.

### (iii)    *Maintenance of Common Areas Under the CC&Rs*

In further support of its breach of contract cause of action, Plaintiff alleges that the current condition of the Courtyard[5] is in violation of the CC&Rs and argues that Defendants have consented to allow Plaintiff and its agent "full right and authority" to cure the breaches. (*Id.* at 5.) Accordingly, Plaintiff appears to claim that Defendants must compensate Plaintiff for curing those breaches. (*See id.*) However, Section 5 of the CC&Rs provides that a person designated as the "Maintenance Director" will be responsible for all maintenance and repairs of the Common Area, and Section 6.2.3 states that the cost of such

---

[5] *See* Compl. 5, ECF No. 1 ("There is no dispute about the legal status of the Courtyard: it is profoundly in violation of the most basic and mandatory disability and environmental laws. In this regard, the Courtyard has multiple serious hazardous structural conditions that cause pollution to the Municipal Separate Storm Sewer System and prevent disability access.")

maintenance "shall be allocated among the Owners." (RJN Ex. B, ECF No. 9-3 at 34, 36.) And ultimately, because Defendants are classified as "Mortgagees" and not "Owners" under the CC&Rs, Defendants are neither responsible for the maintenance of the common areas, nor responsible for payment to the Maintenance Director. Accordingly, Defendants did not breach the CC&Rs and therefore Plaintiff's cause of action for breach of contract fails.

### B. Plaintiff's Standing with Respect to the Subject Loan

Although Plaintiff does not state a specific cause of action attacking the validity of the Subject Loan between Compass and Borrower, Plaintiff attempts to do so in its Complaint by alleging that the Subject Loan "was illegal at inception" because, among other reasons, Compass "possessed actual knowledge of the hazards and illegal conditions." (Compl. 6, ECF No. 1.) Additionally, in its Opposition, Plaintiff asserts that the Complaint "specifically alleges that the Defendants had full knowledge of the illegal condition of the property, yet nevertheless subordinated themselves to controlling CC&Rs, and in the process entered into a conspiracy to violate federal law in violation of numerous federal laws, such as the ADA." (MTD Opp'n 7-8, ECF No. 10.) However, "conspiracy" is similarly not alleged anywhere in the Complaint. (*See generally* Compl., ECF No. 1.)

Defendants argue that even if the Subject Loan was invalid, Plaintiff may not make this claim because Plaintiff is neither a party, nor a third-party beneficiary to the Subject Loan and therefore lacks standing to challenge the contract. (MTD 9:11–13, ECF No, 9-1.) In its Opposition, Plaintiff claims it has five reasons why Plaintiff can enforce the Deed of Trust against Compass, but only lists four, none of which are persuasive. (*See* MTD Opp'n 23–25, ECF No. 10.) Plaintiff asserts it can enforce the Deed of Trust because (1) Defendants took the property with actual "knowledge and intent to continue to force Plaintiff into maintaining an illegal, unsafe and inaccessible property[;]" (2) Defendants took the property with constructive knowledge of "everything else[;]" (3) the Subject Loan pertains to Plaintiff's parcel; and (4) Plaintiff owns an easement over Defendants' parcel. (*Id.*) Plaintiff offers no case law in support of any of its arguments.

A plaintiff lacks standing to challenge a contract if he is not a party to the contract, or if the principal contract was not made "expressly for the benefit of the plaintiff." *Luis v. Orcutt Town Water Co.*, 204 Cal. App. 2d 433, 441 (1962) (quoting Cal. Civ. Code § 1559). A third party does not have a cause of action even if she "may have suffered detriment by reason of the nonperformance of the contract." *Id.* at 441–42.

Here, Plaintiff is not a party to the Deed of Trust. The parties to the Deed of Trust are Borrower, Defendant Compass, and Defendant Ben Riggs. (*See* RJN Ex. A, ECF No. 9-3 at 4 ("THIS DEED OF TRUST is . . . executed among [Borrower] . . . ; Compass Bank . . . ; and Ben Hayes Riggs . . . .").) Additionally, there is no evidence the DOT was made expressly for the benefit of Plaintiff. Plaintiff argues that the DOT "expressly pertains to Plaintiff's property[,]" but does not specify how or where in the DOT Plaintiff's property is referenced. (MTD Opp'n 24, ECF No. 10 (emphasis removed).) And even crediting Plaintiff's argument that the DOT pertained to Plaintiff's property would not give Plaintiff standing to challenge or enforce the DOT—there is no indication that the DOT was made <u>expressly for the benefit</u> of Plaintiff.

In sum, because neither was Plaintiff a party to the DOT, nor was the DOT created for the express benefit of Plaintiff, Plaintiff lacks standing to challenge the validity of the DOT.

### C. *"Incurable Default" as a Cause of Action*

Plaintiff states an alleged cause of action for "incurable default." (*See* Compl., ECF No. 1.) A court may dismiss a cause of action if it fails to state a cognizable legal theory. *Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1990) ("Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.").

Plaintiff argues that "Compass' use of corrupt governmental officials, and informed financing of a property where known illegal conduct ongoing [sic], violates numerous federal statutes as pled in the Complaint[,]" and "[t]hat is why the default is labeled as an 'incurable default'—not as a novel cause of action, but rather a statement of <u>indisputable</u>

16-cv-1189-JLS-KSC

<u>fact</u> of Compass' violation of federal law." (MTD Opp'n 28, ECF No. 10 (emphasis original).) Whatever Plaintiff means by this statement, it is insufficient to overcome the simple fact that "incurable default" is not a cognizable legal theory, and therefore is not a claim on which relief can be granted. And even if it were, it would nevertheless fail because it is duplicative of Plaintiff's "breach of contract" cause of action. *E.g.*, *Roy v. Cty. of L.A.*, CV 12-09012-BRO (FFMx), 2015 WL 12582637, at *6 (C.D. Cal. 2015) (dismissing plaintiffs' duplicative cause of action because it was "unnecessary for Plaintiffs to maintain both causes of action"). Accordingly, Plaintiff's cause of action for "incurable default" necessarily fails.

### D. Declaratory Relief Claim

Plaintiff's final cause of action is for declaratory relief. Plaintiff requests "declaratory relief ordering the immediate and overdue repairs to the property so that it may legally be brought into compliance with federal law." (Compl. 9, ECF No. 1.) Defendants argue that Plaintiff's declaratory relief claim fails as a matter of law because it is duplicative of Plaintiff's other claims. (*See* MTD 9-10, ECF No. 9-1.) Plaintiff nowhere in its Opposition addresses Defendants' arguments. (*See generally* MTD Opp'n, ECF No. 10.)

A court in a diversity jurisdiction action analyzing a declaratory relief claim applies federal law. *Pinel v. Aurora Loan Servs. LLC*, 814 F. Supp. 2d 930, 945 (N.D. Cal. 2011) ("The propriety of granting declaratory relief in a diversity jurisdiction action, however, presents a procedural question, to which the court applies federal law."). A district court cannot grant declaratory relief unless there is an "actual controversy" within the meaning of the Declaratory Judgment Act. *See* 28 U.S.C. § 2201 ("In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."); *see also Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 272 (1941) ("[T]he District Court is without power to grant declaratory relief unless [an actual] a controversy exists."). Courts deny

requests for declaratory relief when it is duplicative of other claims because "[a] claim for declaratory relief is unnecessary where an adequate remedy exists under some other cause of action." *Mangindin v. Wash. Mut. Bank*, 637 F. Supp. 2d 700, 707–08 (N.D. Cal. 2009) (finding plaintiff's declaratory relief claim duplicative and unnecessary because it was "entirely commensurate with the relief sought through [plaintiff's] other causes of action"); *see also Permpoon v. Wells Fargo Bank Nat'l Ass'n*, No. 09-CV-01140-H (BLM), 2009 WL 3214321, at *5 (S.D. Cal. 2009) (finding plaintiffs' declaratory relief claim "duplicative and unnecessary" because the relief sought was the same as plaintiffs' other causes of action); *see also Kimball v. Flagstar Bank F.S.B.*, 881 F. Supp. 2d 1209, 1220 (S.D. Cal. 2012) (dismissing plaintiffs' claim for declaratory relief because it was "based upon the same allegations supporting their other causes of action").

Here, Defendants are correct that Plaintiff's declaratory relief claim is duplicative of Plaintiff's other claims. Specifically, Plaintiff requests a declaration "ordering the immediate and overdue repairs to the property so that it may legally be brought into compliance with federal law." (Compl. 9, ECF No. 1.) This claim is based on the same allegations supporting Plaintiff's other causes of action, specifically, that Defendants have a duty to maintain and repair the Subject Property. However, as explained above, *supra* Section II.A, Defendants do not have a duty to maintain and repair the Subject Property as "Mortgagees" under the CC&Rs. Furthermore, because the other causes of action fail to state a claim, Plaintiff has not demonstrated the requisite "substantial controversy" for declaratory judgment. *See Chan v. Chancelor*, 09-CV-1839 AJB (CAB), 2011 WL 5914263, at *6 (S.D. Cal. 2011) (dismissing plaintiffs' declaratory relief claim because the other causes of action failed to state a claim and because the claim was duplicative of the other claims and therefore unnecessary).

Accordingly, Plaintiff's cause of action for declaratory relief fails.

/ / /

/ / /

/ / /

1

***E. Plaintiff's Failure to Join Borrower***

2          Finally, Defendants argue that Plaintiff failed to join an indispensable party under

3   Fed. R. Civ. P. 19(a). However, because the Court above determined that Plaintiff's causes

4   of action should be dismissed the Court does not reach this argument.

5                                          **CONCLUSION**

6          Because the CC&Rs do not impose the obligations on Defendants that form the basis

7   of Plaintiff's Complaint, and because all of Plaintiff's claims rely at least in part on the

8   theory that the Defendants breached these alleged obligations, all of Plaintiff's claims are

9   therefore **DISMISSED WITHOUT PREJUDICE**.[6] Although the Court entertains serious

10  doubts that Plaintiff will be able to sufficiently amend its Complaint to state a valid cause

11  of action, Plaintiff is nonetheless granted leave to amend.[7] *Polich v. Burlington N. Inc.*, 942

12  F.2d 1467, 1472 (9th Cir. 1991) ("Dismissal without leave to amend is improper unless it

13  is clear, upon *de novo* review, that the complaint could not be saved by any amendment."

14  (citing *Kelson v. City of Springfield*, 767 F.2d 651, 653 (9th Cir. 1985))). Plaintiff **SHALL**

15  **FILE** an amended Complaint, if any, <u>on or before fourteen days from the date on which</u>

16  <u>this Order is electronically docketed</u>.

17         **IT IS SO ORDERED.**

18  Dated:  March 13, 2017

19                                                              *Janis L. Sammartino*

20                                                         Hon. Janis L. Sammartino
                                                           United States District Judge

21

22

23

24

25

26  ------------------------------

27  [6] To the extent Plaintiff does, in fact, attempt to assert a cause of action for "incurable default," such claim is **DISMISSED WITH PREJUDICE**. (*See supra* Section II.C.)

28  [7] For example, in its Opposition Plaintiff states for the first time allegations of conspiracy and negligence. (*See* MTD Opp'n 21, 23, ECF No. 10.)

16-cv-1189-JLS-KSC